IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                                    :
                                                          :          CIVIL ACTION NO. 24-CV-2790
LEOSUN ISHINE MU'UR EL-BEY      :

MEMORANDUM

**Pappert, J.**                                                                                        October 7, 2024

*Pro se* litigant and sovereign citizen Leosun Ishine Mu'ur El-Bey filed this civil action and seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant El-Bey leave to proceed *in forma pauperis* and dismiss his case as frivolous pursuant to 28 U.S.C. § 1914(e)(2)(B)(i).

I

El-Bey initiated this lawsuit by filing 136 pages of documents, all appearing to relate to his sovereign citizen status. (Compl. (ECF No. 2).) Although the collection of documents are deficient as a complaint in a civil action in several respects, the Clerk's Office treated the filing as a civil complaint and opened a civil action. In the documents, El-Bey states that he is not a "person" or a "federally or state-created entity" subject to state or federal laws but instead a "registered sovereign." (*Id*. at 118, 127.) He declares himself an "indigenous national of United Washitaw De Dugdahmoundyah Mu'ur nation-state state." (*Id*. at 8, 118.) Papers El-Bey filed include: documents declaring himself as a sovereign (*id*. at 1-2 54-57; 58-118); correspondence to the United States Department of Treasury discussing dischargement of debt and his "UCC Contract Trust Account" (*id*. at 3-7, 16); purported UCC financial statements, and security, indemnity, and surety agreements (*id*. at 10, 18-27; 28-36; 39-

46); documents related to the infringement of El-Bey's alleged copyright and trademark rights in his name (*id.* at 12-14); and affidavits and informational documents about his "National Declaration Status" (*id.* at 58-118). In one document entitled "Charge Back," El-Bey purports to request one trillion dollars as a "bonded negotiable bill of exchange" from the Department of Treasury, allegedly in exchange for the "Registered Security" regarding his "UCC Contract Trust Account." (*Id.* at 6.)

II

The Court grants El-Bey leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) applies, requiring the Court to dismiss the Complaint if it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Section 1915 accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless[,]" including claims that describe "fantastic or delusional scenarios[.]" *Id.* at 327. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A claim is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As El-Bey is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

III

The Court cannot figure out what claims El Bey asserts and what relief he seeks. Moreover, it is unclear who El-Bey names as Defendants and how he invokes the Court's jurisdiction. El-Bey merely submits numerous sovereign citizen-related documents without stating how they relate to any articulated legal claim or request for relief. A complaint cannot state a claim by relying solely on exhibits, absent factual allegations that explain the basis for the plaintiff's claims against the defendants. *See Estate of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016) ("[W]e cannot fault the District Court for failing to intuit the necessary factual allegations from one of the many exhibits appended to the complaint."); *RD Legal Funding, LLC v. Barry A. Cohen, P.A.*, No. 13-77, 2013 WL 1338309, at *2 (D.N.J. Apr. 1, 2013) ("Plaintiff cannot meet its pleading requirements under Rule 8(a) by attaching numerous exhibits to its Complaint.").

In any event, a review of the documents El-Bey filed reveal that they are all predicated on sovereign-citizen style verbiage, which courts have often characterized as invoking "alchemistic, archaic, and irrelevant formalism[] . . . unlikely to bring [a plaintiff] relief in any court of law." *Coppedge v. Deutsche Bank Nat. Tr.*, 511 F. App'x 130, 133 (3d Cir. 2013) (*per curiam*); *United States v. Taylor*, 21 F.4th 94, 102 (3d Cir. 2021) (noting that sovereign citizens "generally believe that they are neither subject to federal law nor federal courts' jurisdiction" and that their claims "of course, lack merit"); *Blinke v. Sweeney*, No. 23-01259, 2023 WL 8361795, at *2 (M.D. Pa. Nov. 9, 2023), *report and recommendation adopted*, 2023 WL 8359908 (M.D. Pa. Dec. 1, 2023) (explaining that "'sovereign citizen' or 'straw man' arguments have been widely rejected

3

as frivolous by federal and state courts"); *Banks v. Florida*, No. 19-756, 2019 WL 7546620, at *1 (M.D. Fla. Dec. 17, 2019), *report and recommendation adopted*, 2020 WL 108983 (M.D. Fla. Jan. 9, 2020) (collecting cases and stating that legal theories espoused by sovereign citizens have been consistently rejected as "utterly frivolous, patently ludicrous, and a waste of . . . the court's time, which is being paid by hard-earned tax dollars"). Indeed, "[c]ourts confronted with sovereign citizens' legal theories summarily reject them as frivolous." *See Geiger v. Conroy*, No. 22-2458, 2023 WL 2577233, at *1 n.1 (E.D. Pa. Mar. 20, 2023) (quotations and alteration omitted), *appeal dismissed*, No. 23-1752, 2023 WL 11134204 (3d Cir. Nov. 17, 2023).

To the extent El-Bey attempts to assert a claim to recover one trillion dollars from the Department of Treasury through a "bonded negotiable bill of exchange," the claim is frivolous. *See Knapp v. Compass Minnesota, LLC*, No. 24-0100, 2024 WL 2832502, at *7 (D. Minn. June 4, 2024) (dismissing sovereign citizen complaint and stating that "[a]s the Contracts cannot be plausibly characterized as negotiable instruments or securities of any kind under state or federal law, . . . [they] cannot be redeemed as 'bills of exchange' for Federal Reserve notes"). Moreover, to the extent El-Bey intends to assert a copyright infringement claim related to the use of his name, the claim is also frivolous because an individual's name is not an "original work of authorship" subject to copyright. *See generally* 17 U.S.C. § 102 (setting forth statutory criteria for subject matter that may be copyrighted); *see also* 37 C.F.R. § 202.1(a) (listing examples of "works not subject to copyright" as "words and short phrases such as names, titles, and slogans"); *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1004 (9th Cir. 2001) ("A person's name or likeness is not a work of authorship within the

meaning of 17 U.S.C. § 102."); *Peters v. West*, 692 F.3d 629, 636 (7th Cir. 2012) (affirming dismissal of copyright infringement claim and stating that "the name alone cannot constitute protectable expression").

IV

Reading the documents comprising the Complaint as a whole and construing them in a light most favorable to El-Bey, his Complaint is factually and legally baseless and must be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  Leave to amend would be futile.

An appropriate Order dismissing this case follows.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**Gerald J. Pappert, J.**